```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------x
UNITED STATES OF AMERICA,

vs.                             08-CR-21

TODD J. BROXMEYER,

                          Defendant.
---------------------------------------------x
                    VOLUME IV


              TRANSCRIPT OF JURY TRIAL
```

held in and for the United States District Court,

Northern District of New York, at the Federal Building,

15 Henry Street, Binghamton, New York, on Monday,

September 18, 2008, before the HONORABLE THOMAS J. McAVOY,

Senior United States District Court Judge, PRESIDING.


                    A P P E A R A N C E S

FOR THE GOVERNMENT: OFFICE OF THE UNITED STATES ATTORNEY
                    Northern District of New York
                    15 Henry Street
                    Binghamton, New York 13901
                      BY:  MIROSLAV LOVRIC, AUSA

FOR DEFENDANT:      PATRICK J. KILKER
                    Attorney at Law
                    231-241 Main Street
                    Vestal, New York 13850

```
 1                     (Jury present).
 2                     THE COURT:  Morning, ladies and gentlemen.
 3     You requested a read-back of the witness' testimony and I
 4     think Vicky is prepared to do that for you.  So, Vicky, ndo
 5     you want to go ahead?
 6                     (Record read back).
 7                     THE COURT:  Okay, ladies and gentlemen, you
 8     want to step aside for a few moments, please?
 9                     (Jury present).
10                     THE COURT:  All right.  Court is in session,
11     please be seated.  Vicky, are you going to read the
12     cross-examination now?
13                     (Continuation of read-back).
14                     THE COURT:  All right.  Ladies and gentlemen,
15     there you have it.  You can continue your deliberations.
16                     (Jury excused).
17                     THE COURT:  All right.  We have another
18     question from the jury, and it is labeled Court Exhibit
19     Number 3.  And it's discussing the fourth count in the
20     indictment, and it reads as follows:  With regard to Count
21     Four, (two questions), page 34, middle of page, sentence
22     describing the first element, is it correctly worded?  If
23     not, please correct.  Does the defendant have to transport
24     the minor across state lines prior to the sex act occurring
25     to be found guilty of Count Four?
```

1                   Well, the first part of that had to do with
2     three words that were contained in the original version of
3     the first element in Count Four, and those were the words, to
4     be transported.  While I was reading the charge before we
5     gave the charge, before I presented it orally, the charge, I
6     saw immediately those three words were not to be in there,
7     shouldn't be in there, and I went back and asked a person
8     with a computer who was putting the charge together to remove
9     them.  Unfortunately, that person did not follow through on
10    my instructions and I never looked to see if it was done
11    because I certainly assumed, obviously incorrectly, that they
12    would have made that change and they didn't.  So the jury got
13    the form that said to be transported, as well as the part
14    that is correct, and so I crossed that off after I got that
15    question because they asked me to correct it.  And I did, and
16    that's corrected.  Do we need a record on that, any further
17    record?
18                   MR. LOVRIC:  I think I understand it, Judge.
19    So it correctly should have said what I'm just --
20                   THE COURT:  An individual to be transported
21    across state lines.  And it says, an individual to be
22    transported to be transported across state lines.  I don't
23    have it in front of me, I can't tell you exactly.  But it was
24    definitely a surplusage and clearly had to be changed.  So,
25    if you've read it, you could understand it.  If you read it

```
 1  the way it was initially.
 2                  MR. LOVRIC:  Okay.
 3                  THE COURT:  How about the defense, any problem
 4  from the defense on that?
 5                  MR. KILKER:  No, your Honor.
 6                  THE COURT:  Okay.  The second part:  Does the
 7  defendant have to transport the minor across state lines
 8  prior to the sex act occurring to be found guilty of Count
 9  Four?
10                  Now, the problem with that question is if I
11  answer it yes or no, that's pointing them in one direction or
12  another, so I'd like your help from the attorneys on this
13  point.  The way I would think it would be okay to approach it
14  is to say, ladies and gentlemen, as you know in the charge
15  the statute governing that conduct is there before you and
16  you should examine that statute to see if there is any
17  requirement before, during or after.  Otherwise, if I say no,
18  it doesn't require that, I think that's pointing them to a
19  guilty verdict.  If I say yes, which is not the law, it's
20  pointing them to a not guilty verdict.  What do you say,
21  Mr. Kilker?
22                  MR. KILKER:  I tend to agree with you, Judge.
23  As far as that goes, you can't really say yes or no to that
24  question.  I think we've already established what the jury
25  charge is and we've gone through the request to charge.  I
```

1  think the only thing that you can legitimately do is to let
2  them leave it to their own devices.  We can't interpret that
3  for them.
4              THE COURT:  I agree with that.  I think any
5  interpretation the Court gives of that would be pointing them
6  to a guilty or not guilty verdict.  That's something I don't
7  want to do under any condition.  Mr. Lovric.
8              MR. LOVRIC:  The thing that I would add,
9  Judge, is the following:  The statute actually does not even
10 require that the sex act was consummated or committed.
11             THE COURT:  No, it's with intent to commit.
12             MR. LOVRIC:  With intent.  So the statute
13 reads:  Transported a minor with intent that -- and I forget
14 if it says with intent that the minor engage in a sexual act
15 or with intent that a sexual act be committed upon a minor.
16 But it does not even require that the act be committed, so,
17 therefore, whether an act is committed before or after is
18 really irrelevant.  It's the intent.  The intent at the time
19 of transportation, that's relevant to the statute.
20             MR. KILKER:  Your Honor, I simply think that
21 reading the statute to them or letting them interpret it
22 their own way, they're logical intelligent people.  We don't
23 need to stress whether intent before or after or during needs
24 to be explained in any way.
25             THE COURT:  I think Mr. Lovric argued that

1  point in his summation.
2              MR. KILKER:  Yes.
3              THE COURT:  I think he told the jury that the
4  act itself need not be committed.  That the jury has to find
5  that the transportation was with intent to commit the act.
6  But that's prospective in nature and I don't want to say it
7  that way either.  I think it is safer to say, look, the
8  statute does not address when the sex act, if a sex act
9  happened.  That will cover that and you should look at the
10 statute and then make your own decision.  How's that, Pat?
11             MR. KILKER:  That's fine, Judge.
12             THE COURT:  Is that okay, Miro?
13             MR. LOVRIC:  Yeah.  That's fine.
14             THE COURT:  Bring them in.
15             (Jury present).
16             THE COURT:  By the way, to verify the fact
17 that I made that correction before the charge was given to
18 the jury, you can ask Vicky to read back to you what I said
19 to the jury regarding element one of Count Four.  I'm sure
20 you're going to find out that I read it the correct way.
21             MR. LOVRIC:  I'm sure you did, Judge, because
22 I know we paid attention, I didn't hear anything.
23             MR. KILKER:  Yeah, you did read it correctly.
24             (Jury present).
25             THE COURT:  All right, ladies and gentlemen.

1   We have your question number 3, which is now Court Exhibit
2   Number 3, and it's signed by the foreperson, Mr. Miller, and
3   reads as follows:  With regard to Count Four (two questions),
4   page 34, middle of page, sentence describing the first
5   element, is it correctly worded?  If not, please correct.
6              Well, it was not correctly worded as you got
7   it, and I did correct it, but when I read the charge to you,
8   I read it correctly because I had directed a person back in
9   chambers to remove that language, to be transported, which
10  was surplusage and actually made the element
11  incomprehensible, because if you read it with all the words
12  in it, you'd say what does that mean, so I changed it in my
13  copy but it never got changed.  I should have went back over
14  to make sure it got changed.  But A-S-S-U-M-E, assuming makes
15  an ass out of you and me.  I assumed the correction I made,
16  it wasn't, and that's my error and I apologize to you for
17  that.
18              The next part of your question:  Does the
19  defendant have to transport the minor across state lines
20  prior to the sex act occurring to be found guilty of Count
21  Four?  The statute, as you know, is in the charge, and you
22  read the statute as it is and the statute is silent on that
23  question and there's no requirement that the sex act be done.
24  The requirement is that there be transportation with the
25  intent to commit a sexual act.  So, that's the best I can do

```
1    with that.
2                    If I said yes or no to you, I would be
3    directing a verdict, and it's you guys that have to figure
4    out what the verdict should be in this case.  So, that's why
5    I'm answering it that way.  And if that doesn't help you, I'm
6    sorry.  So, you may resume your deliberations.  Your lunch
7    here?  Oh, good.
8                    (Continuation of deliberations).
9                    (Jury present).
10                   THE CLERK:  Ladies and gentlemen of the jury,
11   have you agreed upon a verdict, and if so, how do you find
12   and who shall say for you?  Will the foreperson please rise?
13                   In the matter of United States of America
14   versus Todd J. Broxmeyer, case number 2008-CR-21.
15                   As to Count One of the indictment, how do you
16   find?
17                   THE FOREPERSON:  Guilty.
18                   THE CLERK:  So say you all?
19                   (All jurors respond yes).
20                   THE CLERK:  As to Count Two of the indictment,
21   how do you find?
22                   THE FOREPERSON:  Guilty.
23                   THE CLERK:  So say you all?
24                   (All jurors respond yes).
25                   THE CLERK:  As to Count Three of the
```

400

```
1    indictment, how do you find?
2                  THE FOREPERSON:  Guilty.
3                  THE CLERK:  So say you all?
4                  (All jurors respond yes).
5                  THE CLERK:  As to Count Four of the
6    indictment, how do you find?
7                  THE FOREPERSON:  Guilty.
8                  THE CLERK:  So say you all?
9                  (All jurors respond yes).
10                 THE CLERK:  As Count Five of the indictment,
11   how do you find?
12                 THE FOREPERSON:  Guilty.
13                 THE CLERK:  So say you all?
14                 (All jurors respond yes).
15                 THE COURT:  Mr. Kilker, would you like the
16   jury polled?
17                 MR. KILKER:  No, that's not necessary, your
18   Honor.
19                 THE COURT:  Okay.  All right, ladies and
20   gentlemen.  That concludes your role here and we'd all like
21   to thank you.  We couldn't have gotten the case done.  And
22   you came in and agreed to sacrifice your time for the benefit
23   of everybody involved in this case.  And I know you paid
24   strict attention and worked hard to get that verdict by the
25   length of your deliberations.
```

1      I'd ask you now to go back to the jury room
2 for just a minute, I'm going to come in and speak with you,
3 and then we're going to cut you loose.  And, of course, if
4 you want to volunteer to come back to the next case, you're
5 free to do that, but I haven't seen any signs of insanity
6 yet.  We'll let you go back to the jury room for a few
7 moments and go from there.
8           (Jury excused).
9           THE COURT:  All right.  A motion for judgment
10 of acquittal after discharge of the jury has to be made
11 within seven days after the jury is discharged or within such
12 further time as the Court may fix during the seven-day
13 period.  Motion for a new trial based on the ground of newly
14 discovered evidence may be made only before or within two
15 years after final judgment, but if an appeal is pending, the
16 Court may grant the motion only on remand of the case.
17           A motion for a new trial based on any other
18 grounds shall be made within seven days after verdict or
19 finding of guilty, or within such further time as the Court
20 may fix during that seven-day period.  In accordance with
21 Appellate Rule 4(b), any appeal must be made within ten days
22 after the entry of judgment.
23           The Court is going to set sentencing for
24 Wednesday, January 21, 2009, at 9:30 AM in Binghamton, New
25 York.  That's a little bit over the 120 day Speedy Trial Act

```
 1  period.  Do you have a problem with that, Mr. Kilker?
 2              MR. KILKER:  No, I don't your Honor.
 3              THE COURT:  All right.  Is that all right with
 4  you, Mr. Broxmeyer?
 5              TODD BROXMEYER:  Yes, sir.
 6              THE COURT:  Okay.  All right.  I guess that
 7  does it.  Court stands adjourned.
 8              (Court stands adjourned).
 9                  *           *          *
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

C E R T I F I C A T I O N

       I, VICKY ANN THELEMAN, RPR, CRR, Official Court Reporter in and for the United States District Court, Northern District of New York, DO HEREBY CERTIFY that I attended the foregoing proceedings, took stenographic notes of the same, and that the foregoing is a true and correct transcript thereof.